Kevin Gerard O'Grady
Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GLEN SHIROMA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| HAWAII COUNTY, | ) Civil Action No. _____ |
| | ) VERIFIED COMPLAINT |
| Defendant | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |

## VERIFIED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

COMES NOW the Plaintiff, Glen Shiroma, (hereinafter "Plaintiff"), by and through his undersigned counsel, and complains of the Defendant as follows:

### I.    Introduction

1.    The question presented by this case is whether the County of Hawaii can prevent people from purchasing and possessing firearms[1] based upon a conviction for a minor crime of violence that is thirty-three years old and which is not prohibitory under state law.

2.    Accordingly, Plaintiff brings this challenge to the County of Hawaii's policy, rule, habit and custom of denying permits to acquire to persons with convictions for crimes of violence that are over twenty years old.

3.    In the alternative, Plaintiff brings this challenge to the County of Hawaii's application laws of H.R.S. § 134-7(b) as applied to Plaintiff.

### II.    PARTIES

4.    Plaintiff Glenn Shiroma, (hereinafter "Shiroma"), is an adult male resident of the State of Hawaii, resides in the County of Hawaii, and is a citizen of the United States.

---

[1] Through the denial of a state required Permit To Acquire ("PTA").

5.    Defendant County of Hawaii, (hereinafter "County"), is a municipal corporation incorporated under the laws of the State of Hawaii. County is authorized by law to control and maintain the Hawaii Police Department, an agency of the County, who acts on County's behalf in the area of law enforcement.  County is therefore ultimately responsible for Hawaii Police Department, (hereinafter "HPD"), and their actions, and therefore, must assume the risks incidental to the maintenance of HPD, their employees, laws, customs and policies. County can be served by serving the Department of the Corporation Counsel, Hawaii County at 101 Aupuni St # 325, Hilo, Hawaii 96720;

### III.    JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983 and § 1988.

7.    Venue lies in this Court pursuant to 28 U.S.C. § 1391.

### IV.    STATEMENT OF FACTS

8.    The Second Amendment to the United States Constitution provides: "A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms shall not be infringed."

9.    The Second Amendment guarantees individuals a fundamental right to keep and carry arms for self-defense and defense of others in the event of a violent confrontation. *District of Columbia v. Heller*, 554 U.S. 570 (2008); *McDonald v.*

*Chicago*, 561 U.S. 742 (2010); *Caetano v. Massachusetts*, 577 U.S. 1027 (2016).

10.    The Supreme Court in *New York State Rifle & Pistol Ass'n v. Bruen* found "the standard for applying the Second Amendment is as follows: When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command." 597 U.S. at 24, 142 S.Ct. 2111 (citation omitted).

11.    Hawaii state law requires that a citizen obtain a permit in order to acquire a firearm, a PTA[2]:

(a) No person shall acquire the ownership of a firearm, whether usable or unusable, serviceable or unserviceable, modern or antique, registered under prior law or by a prior owner or unregistered, either by purchase, gift, inheritance, bequest, or in any other manner, whether procured in the State or imported by mail, express, freight, or otherwise, until the person has first procured from the chief of police of the county of the person's place of business or, if there is no place of business, the person's residence or, if there is neither place of business nor residence, the person's place of sojourn, a permit to acquire the ownership of a firearm as prescribed in this section. When title to any firearm is acquired by inheritance or bequest, the foregoing permit shall be obtained before taking possession of the firearm; provided that upon presentation of a copy

---

[2] Plaintiff does not concede that a PTA or a requirement to obtain a PTA is constitutional.  Plaintiff does not concede that any state of Hawaii or County law or rule is constitutional or that the exercise of the Second Amendment requires a permit or permission to exercise.

of the death certificate of the owner making the bequest, any heir or legatee may transfer the inherited or bequested firearm directly to a dealer licensed under section 134-31 or licensed by the United States Department of Justice without complying with the requirements of this section.

Haw. Rev. Stat. Ann. § 134-2 (West)

12.    In relevant part, Hawaii state law prohibits the ownership of firearms when a person has been convicted of a crime of violence in certain circumstances, and also accordingly prohibits the issuance of a PTA to a prohibited person.

(b) No person who is being prosecuted for one or more charges for a felony, a crime of violence, a criminal offense relating to firearms, or an illegal sale or distribution of any drug in a court in this State or elsewhere, or who has been convicted in this State or elsewhere of having committed a felony, a crime of violence, a criminal offense relating to firearms, or an illegal sale or distribution of any drug shall own, possess, or control any firearm or ammunition.

Haw. Rev. Stat. Ann. § 134-7(b)

13.    This prohibition stays in place for twenty years from the time of the conviction;

(i)    Any person who otherwise would be prohibited under subsection (b) from owning, possessing, or controlling a firearm and ammunition solely as a result of a conviction for a crime that is not a felony, and who is not prohibited from owning, possessing, or controlling a firearm or ammunition for any reason under any other provision of this chapter or under title 18 United States Code section 922 or another provision of federal law, shall not be prohibited under this section from owning, possessing, or controlling a firearm and ammunition if twenty years have elapsed from the date of the conviction.

5

Haw. Rev. Stat. Ann. § 134-7(i)(West)[3]

14.    Plaintiff Glenn Shiroma is a resident of the County of Hawaii.

15.    He is 52 years old.

16.    Plaintiff Shiroma is employed as a lineman for Hawaiian Electric.

17.    In 1992 Plaintiff Shiroma was convicted in the state of Hawaii of violating HRS 707-712, Assault in the third degree, a misdemeanor, which was not a crime of domestic violence, and which does not disqualify him under federal law or current Hawaii law from owning, acquiring or possessing a firearm.

18.    Plaintiff Shiroma is not disqualified under federal or state law from acquiring, owning or possessing a firearm.

19.    Plaintiff Shiroma has completed all necessary state and County administrative requirements to obtain a PTA.

20.    In 2023, Plaintiff Shiroma applied for a PTA with County and submitted all necessary documentation.

21.     In November 2023, Plaintiff Shiroma received a letter from County which denied his application for a PTA and only gave one reason for doing so,

---

[3] All of the current, and current at the time of Plaintiff's PTA application, HRS Chapter 134 statutes, which is a comprehensive set of Hawaii laws designed to cover aspects of the acquisition, ownership, possession, and use of firearms, with an eye toward limiting the same, is attached as Exhibit 1.

Plaintiff Shiroma's 1992 Assault 3 conviction. *See* Exhibit 2.

22.    County's PTA denial letter to Plaintiff Shiroma, attached as Exhibit 2, stated, in relevant part, "…your application for a permit to acquire a firearm has been denied based on Section 134-7(b) of the Hawaii Revised Statutes which precludes you from possessing any firearm due to an Assault 3 conviction in 1992.".

23.    Effective July 1, 2023, the state of Hawaii enacted HRS 134-7(i) which provides that if twenty years have elapsed since a misdemeanor conviction for a crime of violence that is not otherwise prohibitory under federal law, then HRS 134-7(b) does not apply to that person.

24.    Plaintiff Shiroma's 1992 assault 3 conviction was thirty-one years in the past when County denied Plaintiff Shiroma's PTA application.

25.    County denied Plaintiff Shiroma's PTA application 5 months after the law changed.

26.    Plaintiff Shiroma challenges County's policy, custom, rule, habit, of applying HRS 134-7(b) to non-disqualifying convictions.

27.    Plaintiff Shiroma does not own any firearms or ammunition.

28.    Plaintiff Shiroma is not disqualified under Hawaii or federal law from owning, possessing or carrying a firearm and ammunition, and apart from the challenged County policy that prohibits him receiving a PTA and acquiring,

buying, owning, and possessing a firearm, he is qualified to own a firearm.

29.    Plaintiff Shiroma desires, intends, and would apply for a PTA to acquire, buy, own, and possess a firearm and desires, intends, and would acquire, purchase, own and possess a firearm and ammunition but for the challenged County policy, rule, custom, habit and/or application of Hawaii law.

30.    Plaintiff Shiroma does not have an active, unexpired hunter's permit/license.

31.    Plaintiff Shiroma is not a member of law enforcement nor has he ever been.

32.     Plaintiff Shiroma is not a member of the armed services nor has he ever been.

33.    Plaintiff Shiroma desires and intends to acquire, own, possess, obtain, and or purchase a firearm and ammunition for lawful purposes and would do so but for County's actions to deny him a PTA due to his prior 1992 conviction.

34.    Plaintiff Shiroma has a criminal history of only a conviction for assault in the third degree from 1992.

35.    Plaintiff Shiroma has no disqualifying mental health history;

36.    Plaintiff Shiroma has never been convicted of any other disqualifying violent offense, or any other offense.

37.    In *Schrader v. Holder*, 704 F.3d 980 (D.C. Cir. 2013) the D.C. Circuit

strongly suggested that a very old conviction for a minor crime of violence would not remove someone from the class of people who have Second Amendment rights.

> At several points in their briefs, plaintiffs appear to go beyond their argument that section 922(g)(1) is unconstitutional as applied to common-law misdemeanants as a class and claim that the statute is invalid as applied to Schrader specifically. Were this argument properly before us, *Heller* might well dictate a different outcome. According to the complaint's allegations, Schrader's offense occurred over forty years ago and involved only a fistfight. Second Am. Compl. ¶ Schrader received no jail time, served honorably in Vietnam, and, except for a single traffic violation, has had no encounter with the law since then. *Id.* ¶¶ 11–12. To the extent that these allegations are true, we would hesitate to find Schrader outside the class of "law-abiding, responsible citizens" whose possession of firearms is, under *Heller,* protected by the Second Amendment. *Heller,* 554 U.S. at 635, 128 S.Ct. 2783.

*Id* at 991.

38.    In *Range v. Att'y Gen. United States,* 124 F.4th 218 (3d Cir. 2024) the Third Circuit struck down 18 U.S.C. § 922(g)(1) which is the federal felon in possession ban as applied to the Plaintiff.

> Bryan Range challenged the constitutionality of 18 U.S.C. § 922(g)(1) only as applied to him given his violation of 62 Pa. Stat. Ann. § 481(a). Range remains one of "the people" protected by the Second Amendment, and his eligibility to lawfully purchase a rifle and a shotgun is protected by his right to keep and bear arms. More than two decades after he was convicted of food-stamp fraud and completed his sentence, he sought protection from prosecution under § 922(g)(1) for

> any future possession of a firearm. The record contains no evidence
> that Range poses a physical danger to others. Because the
> Government has not shown that our Republic has a longstanding
> history and tradition of depriving people like Range of their firearms,
> § 922(g)(1) cannot constitutionally strip him of his Second
> Amendment rights.

*Id* at 232.

39.    In *United States v. Perez-Garcia*, 96 F.4th 1166, 1180 (9th Cir. 2024)

the Ninth Circuit expressly found that misdemeanants are within the scope of the

people who receive Second Amendment protection.

> As to Fencl, specifically, we cannot conclude that his prior
> misdemeanor conviction or arrests should operate to categorically
> exclude him from the national community…We therefore conclude
> that Fencl and Perez-Garcia are among "the people" within the
> meaning of the Second Amendment's "bare text."

*Id* at 1180.

40.    Thus, pursuant to circuit precedent, Plaintiff Shiroma is within the

scope of people who have guaranteed and protected Second Amendment rights.

41.    Plaintiff Shiroma wishes to own firearms in his home for purposes of

lawful self-defense.

42.    That proposed course of conduct is within the scope of the Second

Amendment's plain language pursuant to both Supreme Court and circuit precedent.

> We next ask whether the Second Amendment presumptively protects
> Appellants' proposed course of conduct. It does. Fencl wanted to carry

> guns to protect his home and for self-defense when he traveled out of state for work. Perez-Garcia wanted to carry guns so that he could pursue employment as an armed security officer and protect his family. Their requests track the core constitutional right to possess a handgun for self-defense inside and outside the home, as defined by *Heller* and *Bruen*, respectively.

*Id* at 1180.

43.    As Plaintiff Shiroma and his desired conduct are both within the scope of the plain text of the Second Amendment, the burden is on the government to show a historical tradition of prohibiting similarly situated individuals from Second Amendment rights.

44.    There is no historical tradition of prohibiting firearms ownership due to a 33-year-old misdemeanor conviction.

45.    County's continued infringement of Plaintiff's Second Amendment rights violates the Second Amendment.

46.    This conclusion is consistent with the Supreme Court's holding in *United States v. Rahimi,* 602 U.S. 680, 144 S. Ct. 1889, 219 L. Ed. 2d 351 (2024).

47.    In *Rahimi*, the Supreme Court held "we conclude only this: "An individual found by a court to pose a credible threat to the physical safety of another may be ***temporarily*** disarmed consistent with the Second Amendment." *Id* at 702 (emphasis added).

48.    County's conduct permanently infringes on Plaintiff Shiroma's

Second Amendment rights.

49.    Thus, it would be consistent with *Rahimi* to find County's conduct violates Plaintiff Shiroma's Second Amendment rights.

## COUNT I
### U.S. CONST., AMEND. II As Made Applicable to the States by U.S. CONST., AMEND. XIII

50.    Plaintiff repeats and realleges the allegations of Paragraphs 1 through 49, above, as if set forth verbatim herein.

51.    The Second Amendment to the United States Constitution states, in pertinent part, that "the right of the people to keep and bear arms, shall not be infringed." The Second Amendment further "elevates above all other interests the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008).

52.    As the Court subsequently held in *McDonald v. City of Chicago*, 561 U.S. 742, 130 S.Ct. 3020 (2010): "it is clear that the Framers and ratifiers of the Fourteenth Amendment counted the right to keep and bear arms among those fundamental rights necessary to our system of ordered liberty." 130 S.Ct. at 3043.

53.    The Supreme Court in *New York State Rifle & Pistol Ass'n, v. Bruen*, 597 U.S. 1 (2022) holds that restrictions on Second Amendment rights must be justified through the use of historical laws that similarly restricted firearms usage.

54.    County's policy, rule, habit and custom that has been adopted, and is being enforced, operates to deny Plaintiff and others similarly-situated to him, the ability or right to purchase, possess, and keep firearms within their home.

55.    County has violated Plaintiff Shiroma's Second Amendment rights through an independent city policy because neither federal law nor Hawaii law prohibits him from owning firearms.

56.    County also violates the Second Amendment because the County's conduct is ultra vires.

57.    Ultra vires conduct is inherently arbitrary. *Cine SK8, Inc. v. Town of Henrietta* 507 F.3d 778, 790 (2d Cir. 2007).

58.    *Bruen* commands that government may not have discretion in making determinations on Second Amendment rights. *See Bruen*, 142 S. Ct. at 2138 n.9. (Prohibiting governments from engaging in the "appraisal of facts, the exercise of judgment, and the formation of an opinion".)

59.    Thus, County's conduct violates the Second Amendment on these grounds as well.

60.    In the alternative, County's application of H.R.S. § 134-7(b) is unconstitutional as applied to Plaintiff Shiroma.

61.    The challenged County action violates the Second Amendment, WHEREFORE, Plaintiff seeks declaratory and injunctive relief as set forth below.

## **COUNT II (Due Process)**

62.    Plaintiff repeats and realleges the allegations of the preceding paragraphs as if set forth herein.

63.    When a Defendant, such as County, acts arbitrarily and/or unreasonably it violates substantive due process.

64.    County's policy is ultra vires because it relies upon state law for authority to deny Plaintiff his permit to acquire and possession of his firearms yet County's policy is contradicted by what state law requires.

65.    Plaintiff has a liberty interest and a fundamental right interest in exercising his Second Amendment rights to keep and bear arms, including possessing firearms in his home for lawful self-defense.

66.    For purposes of all Counts and Claims the Defendant has acted under "color of state law" within the meaning of Section 1983.

67.    County, by denying the Plaintiff the ability to exercise his Second Amendment rights to own firearms in a way that contradicts what state law requires, i.e. in a ultra vires manner, has acted arbitrarily and unreasonably.

68.     When government, such as County, has acted in an arbitrary, and or unreasonable manner that impacts a protected liberty or property interest, it has violated substantive due process.

69.     "[T]he Due Process Clause contains a substantive component that bars

certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *Foucha v. Louisiana,* 504 U.S. 71, 78 (1992).

70.    Here, County's policy, custom, rule, habit, is inherently arbitrary and tainted with fundamental irregularities due to the fact it does not comply with state law.

71.    Plaintiff has a right to substantive due process which means that his permit to acquire application cannot be denied in an arbitrary or unreasonable manner.

72.    In *Cine SK8, Inc. v. Town of Henrietta* 507 F.3d 778 (2d Cir. 2007) the Second Circuit found ultra vires conduct violates due process. "[I]f the Town Board did not have authority for the actions it took regarding Fun Quest's permit—as it appears it did not—the Board's actions were ultra vires and, as a result, sufficiently arbitrary to amount to a substantive due process violation." *Id.* at 790.

73.    In this case, a due process violation exists because County claims authority to regulate PTA applications pursuant to state law. County's denial and planned seizure of Plaintiff's firearms is contrary to the authority state law provides.

74.    For the reasons laid out above, County's, and Hawaii county Police department's rules, customs, policy, and or practices violate Plaintiff's Due Process rights.

## <u>COUNT II (DECLARATORY JUDGMENT)</u>

75.    Plaintiff repeats and realleges the allegations of Paragraphs above, as if set forth herein.

76.    The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, any court of the United States may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. 2201(a).

77.    Absent a declaratory judgment, there is a substantial likelihood that Plaintiff will suffer irreparable injury in the future.

78.    There is an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment.

79.    This Court possesses an independent basis for jurisdiction over the parties.

80.    Plaintiff requests a declaratory judgment declaring that Defendant's laws, customs, rules, habits and policies which denies Plaintiff the right to own a firearm violates Plaintiff's Second Amendment rights.

## <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff requests that judgment be entered in his favor and against Defendant as follows:

1.    An order preliminarily and permanently compelling County, its officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, to individually process each of Plaintiff's permit to acquire applications, without reapplying, and without disqualifying them due to the conviction referenced in this complaint and if Plaintiff Shiroma is found otherwise qualified, order County to promptly issue Plaintiff Shiroma a permit to acquire.

2.    Preliminarily, and thereafter permanently enjoin County from denying permits to acquire based on crime of violence convictions which are over twenty years old.

3.    In the alternative, preliminarily, and thereafter permanently, enjoin County, its officers, agents, servants, employees, and all persons in active concert or participation with her who receive actual notice of the injunction, from enforcing County's application of H.R.S. §134-7(b) and any applicable County regulations and all related laws, policies, and procedures;

4.    Declare that County's policy of denying permits to acquire and firearm rights to persons with convictions for crimes of violence which are more than twenty years old violates the Second Amendment and substantive due process.

5.    In the alternative, declare that County's application of HRS §134-7(b) and all related law, policies, enforcement practices, and customs, any applicable

County regulations as well as County's enforcement of the same, *as-applied* to Plaintiff Shiroma, violates Plaintiff's right to keep and bear arms secured by the Second and Fourteenth Amendments to the United States Constitution and his right to substantive due process;

6.      Award nominal damages;

7.      Award costs of suit, including attorney fees and costs pursuant to 42 U.S.C. §1988;

8.      Such other relief consistent with the injunction as appropriate; and

9.      Such other further relief as the Court deems just and appropriate.

DATED:  Honolulu, Hawaii; May 1, 2025.

Respectfully submitted,

/s/ *Kevin O'Grady*
Kevin Gerard O'Grady

Law Office of Kevin O'Grady, LLC
1164 Bishop Street, Suite 1605
Honolulu, Hawaii 96813
(808) 521-3367
Hawaii Bar No. 8817
Kevin@KevinOGradyLaw.Com

/s/ *Alan Beck*
Alan Alexander Beck

Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com
Counsel for Plaintiff

## VERIFICATION

I, Glen Shiroma, declare as follows:

1. I am a Plaintiff in the present case and a citizen of the United States of

America.

2 . I have personal knowledge of myself, my activities, and my intentions ,

including those set out in the forgoing *Verified Complaint for Declaratory and*

*Injunctive Relief,* and if called on to testify, I would competently testify as to the

matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of

America that the factual statements in this *Verified Complaint for Declaratory and*

*Injunctive Relief* concerning myself, my activities and my intentions are true and

correct.

Executed on April 30, 2025

GLEN SHIROMA

20